United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CYNTHIA D. PERDUM, | Case No.  14-cv-02477-JD |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO DISMISS AND DENYING MOTIONS TO INTERVENE** |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

This is a False Claims Act case.  Relator Cynthia Perdum alleges that Wells Fargo misappropriated funds provided by the United States under the Home Affordable Modification Program ("HAMP") and improperly denied her a loan modification for a mortgage under the program.  The United States has declined to intervene at this time.

Wells Fargo has moved to dismiss the complaint for failure to state a claim.  In violation of Civil Local Rule 7-3, Perdum has neither opposed Wells Fargo's motion nor filed a statement of nonopposition.  The Court grants Wells Fargo's unopposed motion without prejudice.  Pursuant to Civil Local Rule 7-1(b), the Court vacates the hearing on the motion set for January 7, 2015.

Non-parties William Bardsley, Emanuella Wintersberger, Christine Reed, Michael Cardoni, and M. Lovell King allege that they suffered the same injury as Perdum and have moved to intervene.  The motions are denied.

## BACKGROUND

This case was filed on May 29, 2014, after Perdum's two previous cases against Wells Fargo in the Northern District of Georgia were dismissed.  *See Perdum v. Wells Fargo Bank, N.A.*, Case No. 1:13-cv-01889-SCJ; *Perdum v. Wells Fargo Bank, N.A.*, Case No. 1:13-cv-04304-AT.  On September 11, 2014, Perdum filed an amended complaint, which is the operative complaint in

United States District Court
Northern District of California

1   this case.  *See* Amended Complaint ("AC"), Dkt. No. 13.

2       According to the amended complaint, Perdum purchased the real property that gives rise to

3   this action on November 22, 2002.  *See id.* ¶ 12.  Her initial mortgage servicer was Washington

4   Mutual, but Wells Fargo later assumed that role.  *See id.*  She claims she unsuccessfully applied

5   for a loan modification more than five times from Wells Fargo under HAMP, a program created

6   by the Treasury Department in 2009 under which mortgage servicers receive incentive payments

7   in exchange for following government guidelines to modify mortgage loans.  *See* Making Home

8   Affordable Program: Handbook for Servicers of Non-GSE Mortgages Chapter I § 1; Chapter II §§

9   1, 13, https://www.hmpadmin.com/portal/programs/docs/hamp_servicer/mhahandbook_44.pdf

10  (last accessed January 5, 2015).  Perdum alleges that Wells Fargo defrauded the federal

11  government by engaging in practices inconsistent with its Servicer Participation Agreement

12  ("SPA") with the Federal National Mortgage Association (commonly known as "Fannie Mae")

13  and a 2011 consent order Wells Fargo entered into with the Office of the Comptroller of the

14  Currency.  Perdum states that Wells Fargo, among other alleged bad conduct, filed false affidavits,

15  failed to maintain an internal program to ensure compliance with HAMP guidelines, and failed to

16  use qualified individuals in performing HAMP services.  *See* AC ¶¶ 23-30. 44-45, 47.

17      On August 6, 2014, the Court ordered the case unsealed because the United States notified

18  the Court that it declined to intervene in the action.  *See* Dkt. No. 8.  On November 3, 2014, Wells

19  Fargo filed a motion to dismiss the complaint under Rules 12(b)(6) and 9(b).  *See* Dkt. No. 37.

20  Perdum's response was due by November 17, 2014, but she filed neither a response nor a

21  statement of nonopposition pursuant to Civil Local Rule 7-3(b).

22      Instead, on December 3, 2014, she filed an "Ex Parte Application for an Order Shortening

23  Time," requesting leave for the Court to hear her motion for leave to file a second amended

24  complaint -- which she still has not filed -- on December 24, 2014.  *See* Dkt. No. 41.  The motion

25  to shorten time included as an attachment what appears to be a draft second amended complaint

26  which is both considerably less detailed than the operative complaint and appears to be missing

27  the exhibits referred to in the body of the draft complaint.  *See* Dkt. No. 41-3.  After Wells Fargo

28  opposed the motion to shorten time, Perdum filed a reply, which includes two new declarations:

one by Perdum herself, and one by a fraud examiner named Charles Lamm purporting to show that the assignment of the mortgage from Washington Mutual to Wells Fargo was invalid.  *See* Dkt. Nos. 52-1, 52-2 ¶¶ 8-11.

Several non-parties have filed motions to intervene in the case.  *See* Dkt. Nos. 15, 18, 25, and 30.  Each of the intervenors missed the deadline to file replies in support of their motions to intervene, and the Court denied their stipulated request to file replies out of time.  *See* Dkt. No. 40. The intervenors have subsequently filed a motion for leave to file a motion for reconsideration of the Court's order.  *See* Dkt. No. 42.

## LEGAL STANDARD

The False Claims Act ("FCA") is aimed at preventing fraudulent claims against the government.  "To encourage insiders to disclose fraud and thereby bolster enforcement, the FCA contains a *qui tam* provision that permits private persons (known as 'relators') to bring civil actions on behalf of the United States and claim a portion of any award."  *United States ex rel. Ebeid v. Lungwitz*, 616 F.3d 993, 995 (9th Cir. 2010).

Because FCA claims involve an allegation of fraud, they must be supported not only by plausible allegations, as required by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), but must also meet the heightened pleading standards required by Rule 9(b).  *See United States ex rel. Cafasso v. Gen. Dynamics. C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011).  That rule provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  The Ninth Circuit has held that "[t]o satisfy Rule 9(b), a pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'"  *Cafasso*, 637 F.3d at 1055 (alteration in original).  One way -- though not the only way -- of meeting the pleading requirement is through the use of representative examples.  *See Ebeid*, 616 F.3d at 998-99.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DISCUSSION**

Perdum's amended complaint pleads two claims under the FCA:  one under 31 U.S.C. § 3729(a)(1)(A) (known as the "presentment provision"), which establishes liability for anyone who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" to the government, and 31 U.S.C. § 3729(a)(1)(B) (known as the "records provision"), which does the same for anyone who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" to the government.

Wells Fargo argues that both claims are inadequately pleaded for three reasons: (1) the amended complaint does not adequately allege that Wells Fargo acted "knowingly," as required by the FCA; (2) the alleged violations of the SPA and 2011 consent order are not pleaded in enough detail to satisfy Rule 9(b)'s heightened pleading standard; (3) the amended complaint does not allege a false claim associated with the alleged violations of Wells Fargo's 2011 consent order.

Defendant has raised non-trivial objections to the amended complaint.  Perdum's counsel has done his client and the Court a disservice by failing to respond to Wells Fargo's arguments. But rather than closing this case now, which this Court is entitled to do, the Court grants the motion without prejudice.  Perdum has one last opportunity to file an amended complaint that addresses the deficiencies identified in Wells Fargo's motion to dismiss.  The amended complaint, if Perdum chooses to file one, is due by **January 12, 2015.**  If an amended complaint is not filed by that date, the case will be dismissed with prejudice.  Perdum's motion to shorten time to file a second amended complaint is denied as moot.  *See* Dkt. No. 41.

The Court denies Wells Fargo's request to dismiss with prejudice on grounds of futility. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile ... or would be subject to dismissal.").  A proposed amendment should not be denied on grounds of futility "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *See Reddy v. Litton Industries, Inc.*, 912 F.2d 291, 293 (9th Cir.1990).  There is no indication at this stage that Perdum will not be able to remedy the deficiencies in her amended complaint.

4

The motions to intervene at Dkt. Nos. 15, 18, 25, and 30 are denied.  The False Claims Act bars intervenors.  *See* 31 U.S.C. § 3730(b)(5) ("When a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action."); *United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1187 (9th Cir. 2001).  The intervenors' motion for reconsideration of the Court's order denying them leave to file untimely replies to their motions to intervene, *see* Dkt. Nos. 42, 40, is also denied, because contrary to intervenors' claims, they have identified no change in the controlling law since the time of the previous order, and even if they had, they have not shown that "in the exercise of reasonable diligence the party applying for reconsideration did not know such … law at the time of the interlocutory order."  *See* Civil L.R. 7-9(b)(1).  In addition, none of the other prerequisites for filing a motion for reconsideration under Civil Local Rule 7-9(b) have been met.

## CONCLUSION

Wells Fargo's motion to dismiss the complaint is granted without prejudice.  Perdum will be given a single opportunity to amend her complaint by **January 12, 2015**, to address the deficiencies identified in Wells Fargo's motion.  Perdum's motion to shorten time is denied as moot.  The various intervenors' motions to intervene are denied.

**IT IS SO ORDERED**.

Dated: January 5, 2015

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California