UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYNTHIA D. PERDUM,

    Plaintiff,

        v.

WELLS FARGO BANK, N.A.,

    Defendant.

Case No.  14-cv-02477-HSG

**ORDER DENYING MOTION FOR
VOLUNTARY DISMISSAL WITH
PREJUDICE**

Re: Dkt. No. 54

    In this case, Plaintiff Cynthia Perdum alleges that Defendant Wells Fargo Bank, N.A.
violated the False Claims Act ("FCA") by misappropriating funds provided by the United States
under the Home Affordable Modification Program ("HAMP"), and by improperly denying her a
loan modification for a mortgage under the HAMP program.  Wells Fargo moved to dismiss for
failure to state a claim, Dkt. No. 37, and Judge James Donato, to whom this case was previously
assigned, granted the motion without prejudice on January 5, 2015, Dkt. No. 53.  In his order,
Judge Donato expressly stated that Perdum would be provided "one last opportunity" to file an
amended complaint by January 12, 2015 or else the case would be dismissed with prejudice." *Id*.
at 4.

    Rather than amend her complaint by the deadline ordered by Judge Donato, Perdum
instead filed a motion to dismiss her complaint without prejudice.  Dkt. No. 54.  In that motion,
Perdum conceded that she could not plead a cause of action under the FCA, but sought dismissal
without prejudice so that she could bring a claim under the Financial Institutions Reform,
Recovery, and Enforcement Act ("FIRREA") at a future date. *Id*.  Perdum represented that her
failure to bring a FIRREA claim in the first place was caused by the ineffective assistance of her
counsel. *Id*. at 4. Wells Fargo opposes Perdum's motion, arguing that this action should be
dismissed with prejudice because (1) Perdum failed to comply with Judge Donato's order; and (2)

United States District Court
Northern District of California

United States District Court
Northern District of California

1    any FIRREA claim brought by Perdum would be futile because only the United States has

2    standing to pursue claims under that statute.  Dkt. No.  56 at 1-2.

3            "Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the

4    court, and subject to any terms and conditions the court deems proper, to dismiss an action without

5    prejudice at any time."  *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

6    "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as

7    the defendant will not be prejudiced . . . or unfairly affected by dismissal."  *Stevedoring Servs. of*

8    *Am. v. Armilla Int'l, B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted).  When

9    determining prejudice, a district court may consider such factors as the stage of litigation and the

10   moving party's delay in requesting voluntary dismissal, as well as indications of forum shopping.

11   *See Cent. Mont. Rail v. BNSF Ry. Co.*, 422 F. App'x 636, 638 (9th Cir. 2011) (citing *Westlands*

12   *Water Dist.*, 100 F.3d at 96; *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389-90

13   (9th Cir. 1986)).

14           In this case, the Court finds that granting Perdum's motion would result in legal prejudice

15   to Wells Fargo.  This is not a case where "a dispute remains unresolved" or where there is simply

16   a "threat of future litigation," as have been found insufficient grounds for legal prejudice in other

17   cases.  *See, e.g., Westlands Water Dist.*, 100 F.3d at 96-97.  To the contrary, the dispute between

18   the parties has been resolved.  Judge Donato considered Perdum's FCA claim when deciding

19   Wells Fargo's motion to dismiss, provided leave to amend, and expressly stated that the action

20   would be dismissed with prejudice absent the filing of an amended complaint by January 12, 2015.

21   Dkt. No. 53.  Perdum did not comply with Judge Donato's order.  In other words, dismissal

22   without prejudice would not merely threaten Wells Fargo with future litigation: it would expose

23   Wells Fargo to potential re-litigation of issues *already decided* by this Court.  Accordingly,

24   Perdum's motion to voluntarily dismiss this action is **DENIED**.

25           Nevertheless, the Court will exercise its discretion to permit Perdum the opportunity to file

26   an amended complaint under FIRREA, to the extent that she can plead a cause of action consistent

27   with the requirements of Rule 11.  The amended complaint may not assert any other new claims or

28   add any new defendants.  Perdum must file the amended complaint by no later than **30 days** from

the date of this order.  Failure to adhere to this deadline will result in dismissal of this action with prejudice.

**IT IS SO ORDERED.**

Dated:  September 14, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

3