UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA D. PERDUM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　Defendant. | Case No. 14-cv-02477-HSG<br><br>**ORDER DENYING MOTION TO SET ASIDE ORDER DISMISSING THE CASE WITH PREJUDICE AND REQUEST FOR SANCTIONS**<br><br>Re: Dkt. No. 66 |

## I.　INTRODUCTION

This matter comes before the Court on Plaintiff Cynthia Perdum's motion to set aside entry of order of dismissal. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and finds the matter suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). The Court VACATES the hearing set for December 10, 2015, and hereby **DENIES** Plaintiff's motion.

## II.　BACKGROUND

Plaintiff alleges that Defendant Wells Fargo Bank, N.A. violated the False Claims Act ("FCA") by misappropriating funds provided by the United States under the Home Affordable Modification Program ("HAMP"), and by improperly denying her a loan modification for a mortgage under the HAMP program. Defendant moved to dismiss for failure to state a claim, Dkt. No. 37. Plaintiff's response was due by November 17, 2014, but she failed to file a response. Judge James Donato, to whom this case was previously assigned, granted the motion without prejudice on January 5, 2015, Dkt. No. 53. In his order, Judge Donato expressly stated that Plaintiff would be provided "one last opportunity" to file an amended complaint by January 12, 2015 or else the case would be dismissed with prejudice. *Id.* at 4.

Rather than amend her complaint by the deadline ordered by Judge Donato, Plaintiff

1  instead filed a motion to dismiss her complaint without prejudice on January 12. Dkt. No. 54. In
2  that motion, Plaintiff conceded that she could not plead a cause of action under the FCA, but
3  sought dismissal without prejudice so that she could bring a claim under the Financial Institutions
4  Reform, Recovery, and Enforcement Act ("FIRREA") at a future date. *Id.* Perdum represented
5  that her failure to bring a FIRREA claim in the first place was caused by the ineffective assistance
6  of her counsel. *Id.* at 4. The Court denied Plaintiff's motion, concluding that granting Plaintiff's
7  motion would result in legal prejudice to Defendant. Dkt. No. 64.

> This is not a case where "a dispute remains unresolved" or where there is simply a "threat of future litigation," as have been found insufficient grounds for legal prejudice in other cases. *See, e.g., Westlands Water Dist.*, 100 F.3d at 96-97. To the contrary, the dispute between the parties has been resolved. Judge Donato considered Perdum's FCA claim when deciding Wells Fargo's motion to dismiss, provided leave to amend, and expressly stated that the action would be dismissed with prejudice absent the filing of an amended complaint by January 12, 2015. Dkt. No. 53. Perdum did not comply with Judge Donato's order. In other words, dismissal without prejudice would not merely threaten Wells Fargo with future litigation: it would expose Wells Fargo to potential re-litigation of issues *already decided* by this Court

15 Dkt. No. 64. The Court exercised its discretion to permit Plaintiff to file an amended complaint
16 under FIRREA, if she could do so, by October 14, 2015. Dkt. No. 64. The Court warned that
17 failure to adhere to this deadline would result in dismissal with prejudice. Dkt. No. 64. Plaintiff
18 again missed the deadline and did not file an amended complaint. The Court dismissed the action
19 with prejudice on October 27, 2015. Dkt. No 65.
20  Pending before the Court is Plaintiff's motion to set aside the order to dismiss and to
21 sanction her attorney. Dkt. No. 66.

**III.   ANALYSIS**

23  While Plaintiff does not identify the legal basis for her motion, the Court construes the
24 motion as a request for relief under Federal Rule of Civil Procedure 60(b). Rule 60(b) "provides
25 for extraordinary relief and may be invoked only upon a showing of exceptional circumstances."
26 *Harris v. U.S. Dep't of Commerce*, No. 14-CV-00581-JSC, 2014 WL 4129342, at *1 (N.D. Cal.
27 Aug. 21, 2014). Rule 60(b)(1) allows a court "to relieve a party or its legal representative from a
28 final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."

The Court examines "four factors in determining whether a litigant has shown excusable neglect: the danger of prejudice to the non-movant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *California Advocates for Nursing Home Reform, Inc. v. Chapman*, No. 12-CV-06408-JST, 2014 WL 2450949, at *2 (N.D. Cal. June 2, 2014).

Plaintiff has failed to satisfy Rule 60(b)(1). Plaintiff contends that she is entitled to relief because of her attorney's ineffectiveness, claiming that her attorney assured her he would timely file the amended complaint and that she should not be punished for her attorney's inaction. However, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992); *see also Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) ("As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment."). Plaintiff has been afforded two previous opportunities to timely file a complaint and she has missed both of them. Although Plaintiff blames her attorney, these facts do not constitute excusable neglect. That Plaintiff has been aware of her counsel's alleged ineffectiveness at least since January 12, 2015 further weighs against a finding of excusable neglect. Dkt. No. 54 (acknowledging her counsel's ineffectiveness) ; *see* Dkt. No. 54-1 at 6 ("I have thoroughly disclosed my ineffectiveness as counsel to my client . . . [and] request that the Court grant relief to Perdum for my ineffective assistance as counsel."). Whether or not Plaintiff might be able to bring a malpractice claim in another forum against her attorney, the Court finds that Plaintiff has not established exceptional circumstances warranting the relief requested.

Additionally, Plaintiff has not shown that she can satisfy one of the other grounds for relief under Rule 60(b). There is no indication that there is new evidence in support of her claim, fraud by the other side, the judgment is void, or has otherwise been satisfied. Nor would be it appropriate to construe Plaintiff's motion under Rule 60(b)(6) which "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an

erroneous judgment" as no such circumstances have been alleged here.  *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion is **DENIED** with prejudice.[1]

**IT IS SO ORDERED.**

Dated:  12/8/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Plaintiff's request for sanctions is denied for failure to comply with the local rules.  *See* Civ. L.R. 7-8.

4